UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20964-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JULIO PUEBLA,

    Defendant.
_____/

### ORDER DENYING DEFENDANT JULIO PUEBLA'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

THIS MATTER came before the Court on Defendant Julio Puebla's *pro se* Motion for Early Termination of Supervised Release [DE 454]. Mr. Puebla's probation officer, USPO Jason Roberts, submitted a Response recommending denial because although Mr. Puebla has shown stable community reintegration as to residence and employment, and has made positive strides towards supervision objectives, his past criminal history and conduct include crimes of violence. The USPO also says the Government agrees to a denial.

Mr. Puebla contends that since the time of his conviction in 2009 for robbery and "dangerous drugs," he has been rehabilitated and does not pose a threat to either the Government or people [DE 454 at 1]. He states that he is married, has a seven (7) month old child, and says that if his supervised release is terminated, he will be able to get an unidentified, better job to support his family. He further states that he donates to Saint Jude's Children's Research and is not likely to get in trouble again.

Having considered the Motion, the probation officer's submission, the factors set forth in 18 U.S.C. § 3553(a), and the record, the motion must be denied at this time because there is insufficient evidence beyond mere compliance to justify early termination.

Background

On June 15, 2010, the Court first sentenced Mr. Puebla to 195 months of imprisonment and five (5) years of supervised release. He had pled guilty to three counts: (1) conspiracy to interfere with commerce by threats or violence by robbery; (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine and (3) possession of a firearm in furtherance of a crime of violence and a drug trafficking crime. Thereafter, pursuant to a Rule 35 motion, the Court reduced his sentence to a total of 130 months of imprisonment and the five year term of supervised release. On April 7, 2016, Mr. Puebla's sentence was further reduced pursuant to Amendment 782 to a total of 116 months, four months shy of 10 years.

On May 10, 2018, Mr. Puebla was released from BOP custody. However, due to an Immigration Customs Enforcement detainer, he did not begin his active supervision until March 20, 2019. Thus, although he has completed about twenty-eight (28) months of his five (5) year supervised release term, he has been under direct probation supervision for only approximately 18 months.

Reasons for Denial

The Court commends Mr. Puebla for taking positive steps toward rehabilitation since entering his plea and cooperating with the Government. He is to

2

also be applauded for his good behavior since his release, and for maintaining a stable family life. The Court also congratulates Mr. Puebla on the recent birth of his child.

To date, Mr. Puebla has been under active US Probation supervision for only a little more than a year and a half since his release from ICE on March 20, 2019. Other than donating to St. Jude's Hospital, the Motion simply reflects Defendant's compliance with the terms of supervised release. Early termination of supervised release requires evidence of something more. Specifically, in addition to working at the same employment for more than 18 months, Defendant's activities need to demonstrate successful reintegration and constructive contributions to the community above and beyond simple compliance.

Further, although Mr. Puebla has been continuously employed with a septic tank company, because of the pandemic, his hours have been reduced which gives the Court concern as to his financial stability. On this issue, Mr. Puebla asserts that he can get a better job if he is no longer on supervision. However, he does not indicate the job that he would have if his term or supervision was terminated early.

Mr. Puebla is on the road to complete successful reintegration. The Court wants Mr. Puebla to be a success for himself, his family and the community. At present, however, he has not provided the evidence that would allow the Court, considering the necessary 3553(a) factors, to conclude that he has the financial stability to succeed. US Probation has Employment Specialist who might be able to assist Mr. Puebla develop what he needs to identify and obtain the better paying employment he hopes to achieve. Also, evidence of promotions or certifications of new

employment skills would reflect more than simple compliance. Thus, Court encourages Mr. Puebla to work with his Probation Officer to develop a plan that will result in evidence of his stable reintegration including financial/employment stability and any other conduct beyond simple compliance to support a renewed motion for early termination by this date in 2021.

Therefore, having considered the record and the 3553 (a) factors, it is

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release [DE 454] is DENIED without prejudice.

DONE AND ORDERED in Miami, Florida, this 3rd day of October 2020.



PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record